UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANNON BOYD                              |
7909 Piedmont Avenue                      |
Glenarden, MD 20706,                      |
                                          |
    **Plaintiff,**                          |
                                          |
v.                                        | CASE NO. 1:19-cv-03218-DLF
                                          |
AUDIO VISUAL SERVICES GROUP,              |
LLC d/b/a PSAV                            |
5100 N. River Road, Suite 300             |
Schiller Park, IL 60176,                  |
                                          |
    **Defendant.**                         |
                                          |

## ANSWER TO COMPLAINT

Defendant, AUDIO VISUAL SERVICES GROUP, LLC d/b/a PSAV ("PSAV") by and through its undersigned attorneys, hereby answers the Complaint filed by SHANNON BOYD ("Plaintiff"), and states as follows:

1.    In response to Paragraphs 1, 2 and 3 of the Complaint, PSAV admits that it provides audiovisual and event technology support services to venues throughout the United States and overseas, that it maintains on-site personnel within certain venues that it supports, that it regularly conducts business in the District of Columbia, that it is an employer as defined by the D.C. Human Rights Act, that Plaintiff is African American, that Plaintiff's most recent tenure with PSAV began July 30, 2018 and ended at the time of her resignation on July 3, 2019, that during her tenure with PSAV she worked at multiple properties located in Washington, D.C. and Arlington, VA, and that at times during her employment that she was a non-exempt employee; PSAV otherwise denies each of the remaining allegations therein.

1

2.      In response to Paragraphs 4, 5, 6 and 7 of the Complaint, PSAV admits that it conducts business in the District of Columbia; PSAV acknowledges that Plaintiff has made allegations regarding conduct purported to have taken place within the District of Columbia and Arlington Virginia and that Plaintiff has invoked jurisdiction and venue as alleged, but denies that Plaintiff's asserted claims have merit; PSAV otherwise denies each of the remaining allegations therein.

3.      In response to Paragraph 8 of the Complaint, PSAV incorporates its responses in paragraphs 1 and 2 above as if fully restated herein.

4.      In response to Paragraphs 9 and 10 of the Complaint, PSAV admits that Plaintiff previously worked for PSAV from February 2016 through February 2017 originally as a Sales Coordinator and later as a Sales Manager, that Plaintiff came back to work for PSAV on July 30, 2018 as a Sales Coordinator at the Washington Hilton in the District of Columbia, that Sales Coordinators are not eligible for commissions; PSAV otherwise denies each of the remaining allegations therein.

5.      In response to Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint, PSAV admits that Plaintiff was promoted to Sales Manager in February 2019 and was assigned to work at the Crystal City DoubleTree in Arlington, Virginia, that Sales Managers receive a salary and are entitled to receive commissions on certain sales, that Sales Managers are responsible for selling PSAV services to clients among other duties, that Joshua Amartey was the Director of Event Technology at the Doubletree at the time Plaintiff worked there; PSAV otherwise denies each of the remaining allegations.

6. In response to Paragraphs 22, 23 and 24 of the Complaint, PSAV admits that Plaintiff inquired with her former supervisor whether there was an opportunity for her to return to work at the Washington Hilton; PSAV otherwise denies each of the remaining allegations.

7. In response to Paragraphs 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint, PSAV denies the allegations therein.

8. In response to Paragraph 34 of the Complaint, PSAV incorporates its responses in paragraphs 1, 2, 3, 4, 5, 6 and 7 above as if fully restated herein.

9. In response to Paragraphs 35, 36 and 37 of the Complaint, PSAV acknowledges that the District of Columbia Human Rights Act prohibits discrimination on the basis of sex, but denies that Plaintiff's claims have merit and denies each of the remaining allegations therein.

10. In response to Paragraph 38 of the Complaint, PSAV incorporates its responses in paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 above as if fully restated herein.

11. In response to Paragraphs 39, 40 and 41 of the Complaint, PSAV acknowledges that the District of Columbia Human Rights Act prohibits retaliation for an employee having engaged in statutorily protected activity, but denies that Plaintiff's claims have merit and denies each of the remaining allegations therein.

12. In response to Paragraph 42 of the Complaint, PSAV incorporates its responses in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 above as if fully restated herein.

13. In response to Paragraphs 43, 44 and 45 of the Complaint, PSAV acknowledges that the District of Columbia Human Rights Act prohibits discrimination on the basis of race, but denies that Plaintiff's claims have merit and denies each of the remaining allegations therein.

14. In response to Paragraph 46 of the Complaint, PSAV incorporates its responses in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 above as if fully restated herein.

15. In response to Paragraphs 47, 48 and 49 of the Complaint, PSAV denies the allegations therein.

16. In response to the provision titled JURY DEMAND, PSAV acknowledges that Plaintiff has requested a trial by jury but denies that Plaintiff's asserted claims have merit.

17. In response to the WHEREFORE clause, PSAV denies each of the claims for relief therein.

18. PSAV denies all allegations and claims for relief asserted in Plaintiff's Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting all claims arising outside of the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims, as a matter of law, fail to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

PSAV is not guilty of any conduct resulting in damage or injuries to the Plaintiff and is therefore not liable for such claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate any alleged damages, any claim for which is expressly denied. To the extent Plaintiff did not or will not mitigate such damages, PSAV is entitled to a set-

off, should Plaintiff prevail. In addition, any recovery by Plaintiff must be set-off or reduced by wages, commissions, pay and benefits, other earnings or remunerations, regardless of form received, that were paid or due to Plaintiff or receivable with exercise of due diligence.

### FIFTH AFFIRMATIVE DEFENSE

At all times, PSAV acted in good faith towards Plaintiff and without any intent to deprive Plaintiff of any rights under the law.

### SIXTH AFFIRMATIVE DEFENSE

All actions taken against Plaintiff were based on legitimate non-discriminatory reasons unrelated to any protected activity or characteristic of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's claims of discrimination based on race and sex as well as her claim of retaliation, PSAV exercised reasonable care to prevent and correct any discriminatory or retaliatory conduct. Further, PSAV asserts that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by PSAV or to avoid harm otherwise.

PSAV reserves the right to amend its pleadings with additional affirmative defenses.

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Complaint, PSAV respectfully requests that:

a.  Plaintiff's claims against PSAV be dismissed with prejudice;
b.  Each and every prayer for relief against PSAV in Plaintiff's Complaint be denied;
c.  Judgment be entered in favor of PSAV and against Plaintiff;
d.  All costs and reasonable attorneys' fees incurred by awarded to PSAV; and

e.  The Court grant Defendants such other and further relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul M. Levine
Paul M. Levine (D.C. Bar No. 999320)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1500
Fax:    (202) 861-1783
pmlevine@bakerlaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2019, I filed a true and correct copy of the foregoing with the CM/ECF System and served, via both mail and electronic mail, a true and correct copy of the foregoing on the following:

Tiffany Joseph Goodson
HKM Employment Attorneys LLP
1325 G Street NW, Suite 558
Washington, D.C. 20005
tjosephgoodson@hkm.com

/s/ Paul M. Levine
Attorney for Defendant